[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-15141
Non-Argument Calendar

_____

D. C. Docket No. 97-14010-CR-JCP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNSLEY TONY,
a.k.a. Eiensley Thony, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2005)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Following resentencing, Appellant Ernsley Tony appeals his 210-month sentences for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count One), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Three). Tony raises three issues on appeal. First, Tony asserts that the district court erred under *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), by enhancing his sentences based on facts not alleged in the indictment nor found by a jury. Second, he argues that the district court erred by denying his request for funds to retain a mental health expert prior to resentencing because he gave proper notice and he was entitled to a psychiatrist's assistance. Third, he contends that the district court erred in applying the obstruction-of-justice enhancement under U.S.S.G. § 3C1.1 because both the revised presentence investigation report ("RPSI") and the district court failed to identify the specific perjured statements Tony made at trial that were material and significantly obstructed the prosecution. As discussed further herein, because we vacate and remand as to the first issue, the second and third issues are moot.

Tony argues that the district court erred by sentencing him above the maximum sentence allowed by law based on facts not alleged in the indictment nor found by a jury. He contends that, under *Blakely*, a judge may not impose a greater

2

punishment after finding additional facts than the maximum sentence that could be imposed without any additional findings. Tony asserts that the jury did not decide whether he obstructed justice. He further contends that, because his indictment did not allege a quantity of crack cocaine, and the jury did not determine the drug amount or that he obstructed justice, his offense level should have been 12, which would have yielded a guideline range of 21 to 27 months' imprisonment. According to Tony, he preserved the issue of drug quantity by objecting during his allocution at his resentencing hearing. He argues that the erroneous application of the guidelines affected his substantial rights because the jury could have attributed to him less than the total crack involved because he had two codefendants. He contends that the district court plainly erred in applying the obstruction-of-justice enhancement because the court's factual findings invaded the province of the jury, which affected the fairness, integrity, and public reputation of the proceedings.

Because Tony failed to properly preserve this objection, we review only for plain error. To satisfy the plain-error standard, we must find that (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial and not harmless. *United States v. Olano*, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). If these criteria are met, we may, in our discretion, correct the plain

error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 736, 113 S.Ct. at 1779 (internal quotations and citation omitted).

While the instant case was pending on appeal, the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), finding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at ___, 125 S.Ct. at 756.

In *United States v. Rodriguez*, ___F.3d ___, No. 04-12676 (11th Cir. Feb. 4, 2005), we rejected a defendant's *Booker* claim under plain-error review, holding that the "error" in *Booker* was the use of extra-verdict enhancements under a mandatory system, not the use of extra-verdict enhancements to increase a defendant's guideline range. *Id.* at ___. We stated that, to satisfy the third prong of the plain-error test, a defendant

> must establish a reasonable probability that if the district court had considered the guidelines range it arrived at using extra-verdict enhancements as merely advisory, instead of mandatory, and had taken into account any otherwise unconsidered [18 U.S.C.] § 3553 factors, the court would have imposed a lesser sentence than it did.

*Id.*

4

In *United States v. Shelton*, ___F.3d ___, No. 04-12602 (11th Cir. Feb. 25, 2005), we held that a defendant who fails to object to the facts in the PSI has admitted to the facts and, consequently, there is no Sixth Amendment violation under *Booker*. *Shelton*, ___ F.3d at ___. We also held that a *Booker* error occurs when a district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment violation." *Id.* at ___. Furthermore, *Booker* "made plain the district court's error in sentencing [the defendant] under a mandatory Guidelines scheme that is now advisory." *Id.* at ___. In addition, we held in *Shelton* that, where the district court had indicated that the sentence was "too severe," sentenced the defendant to the lowest possible sentence under the Guidelines, and stated that the sentence was "more than appropriate," the defendant had established a reasonable probability that the district court would have imposed a lesser sentence. *Id.* at ___. Furthermore, we held that the fourth prong of plain error analysis was satisfied as well, because the district court "indicated an express desire to impose a sentence lesser than the low end of the Guidelines range . . . and the Supreme Court in *Booker* plainly indicated that the district court now has the discretion to do so, provided the resulting sentence is reasonable in light of the § 3553(a) factors." *Id.* at ___.

5

After reviewing the record, we conclude that Tony has shown a *Booker* error for both the drug quantity and the obstruction-of-justice enhancement because the district court "misapplie[d] the Guidelines by considering them binding as opposed to advisory." *See id.* at ___. Additionally, this error was plain under *Booker*. *See id.* Because the district court (1) stated that it wished to consider Tony's personal background, but was prevented from doing so by the Guidelines, (2) stated that the sentence was "too heavy" for the crime Tony had committed, and (3) sentenced Tony to the lowest possible sentence under the Guidelines, there is a "reasonable probability that the district court would have imposed a lesser sentence." *Id.* at ___. The district court's indication of a desire to sentence Tony to a lesser sentence and to consider his personal history and characteristics, which are factors set forth for consideration under § 3553(a), satisfies the fourth prong of the plain error test. *Id.* at ___. Therefore, the district court plainly erred in sentencing Tony under a mandatory Guidelines scheme, and this error affected his substantial rights as well as the fairness, integrity or public reputation of the judicial proceedings in his case.

For the foregoing reasons, we vacate Tony's sentences and remand this case for resentencing.

**VACATED AND REMANDED.**

6